UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDY BAILEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:20-cv-00657-TWP-TAB |
| ANDREWS, et al. | ) |
| Defendants. | ) |

**Entry Screening Complaint, Dismissing Insufficient Claim, and
Directing Service of Process**

Plaintiff Randy Bailey, an inmate at the Correctional Industrial Facility, brings this 42 U.S.C. § 1983 action alleging that he was subjected to excessive force. Because Mr. Bailey is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Bailey names two defendants: Officer Andrews and the Indiana Department of Correction (IDOC) Commissioner.

The complaint alleges that on October 10, 2019, Mr. Bailey was eating his lunch when he noticed a hair in his sandwich. Mr. Bailey alerted Officer Andrews, who opened another lunch sack, removed a sandwich from the packaging, and brought it to Mr. Bailey. Mr. Bailey told Officer Andrews that he did not want to eat a sandwich that was touched, and Officer Bailey said, "Why not, it's good," and took a bite of it. Officer Andrews tried to give Mr. Bailey the sandwich, and Mr. Bailey said he wanted to speak to Officer Griffey. Officer Andrews said "no" and walked away. Mr. Bailey knocked on his cell door, causing Officer Andrews to return to his cell and threaten to spray Mr. Bailey with pepper spray. Mr. Bailey stated that he had done nothing wrong, and Officer Andrews responded, "You got me there," and again walked away. Mr. Bailey yelled for Officer Griffey, and Officer Andrews returned to his cell and sprayed him with pepper spray. Officer Andrews tried to then strip Mr. Bailey's property and bed from his cell while Mr. Bailey's face burned.

Officer Griffey intervened and told Officer Andrews not to remove anything from the cell. Officer Griffey advised Mr. Bailey to file a grievance against Officer Andrews. Once Mr. Bailey was back in his cell, Officer Andrews told Mr. Bailey he did not care what anyone said, he could spray whomever he wanted, and he had already sprayed twelve people since January.

Mr. Bailey seeks compensatory and punitive damages.

### III. Discussion of Claims

Mr. Bailey's Eighth Amendment excessive force claim against Officer Andrews **shall proceed**.

Although Mr. Bailey names the IDOC Commissioner as a defendant, he makes no factual allegations against him. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation and citation omitted). Because Mr. Bailey has made no allegations against the IDOC Commissioner, any claims against him are **dismissed for failure to state a claim upon which relief may be granted**.

These are the viable claims identified by the Court. If Mr. Bailey believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 22, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Officer Andrews in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1] and dkt. [1-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to terminate the Indiana Department of Correction Commissioner as a defendant on the docket.

**IT IS SO ORDERED.**

Date: 4/23/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RANDY BAILEY
150205
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to the following IDOC employee (at Correctional Industrial Facility):
Officer Andrews